IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARIA ISABEL RIVERA, Individually and as Personal Representative of the Estate of JOEL RIVERA DELEON; CIPRIANO RIVERA; JESUS RIVERA; CARLOS RIVERA, LUCERO RIVERA; JOEL RIVERA; and EFREN RIVERA, <br><br> *Plaintiffs,* <br><br> VS. <br><br> SCHNEIDER E&C COMPANY, INC., <br><br> *Defendant.* | § § § § § § § § § § § § § § § § CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COME Plaintiffs, Maria Isabel Rivera, Individually and as Personal Representative of the Estate of Joel Rivera DeLeon, Cipriano Rivera, Jesus Rivera, Carlos Rivera, Lucero Rivera, Joel Rivera, and Efren Rivera, complaining of SCHNEIDER E&C COMPANY, INC., ("hereinafter referred to as "Schneider") and for causes of action would respectfully show the following:

### I. THE PARTIES

**A.   PLAINTIFFS**

1.1   Plaintiff, MARIA ISABEL RIVERA, is a citizen of the United States and a resident of Pharr, Hidalgo County, Texas.  Maria Isabel Rivera is the lawful wife of Joel Rivera DeLeon, and brings the wrongful death suit in her Individual capacity and as Representative of the Estate of JOEL RIVERA DELEON, Deceased.

1.2.   Plaintiffs, CIPRIANO RIVERA, JESUS RIVERA, CARLOS RIVERA, LUCERO RIVERA, JOEL RIVERA, and EFREN RIVERA are the adult biological sons

and daughter of Joel Rivera DeLeon, Deceased, and they bring suit in their individual capacities.

**B.  DEFENDANT**

1.3   Defendant, SCHNEIDER E&C COMPANY, INC. ("Schneider") is a Florida Corporation.  Schneider has its principal place of business in Florida.  Service of process will be made upon Schneider's registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas  78701-3218.

## II.  JURISDICTION & VENUE

2.1   Venue is proper in this District because all or a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of the Southern District of Texas.  Diversity jurisdiction exists in that the Plaintiffs are residents of Texas and Defendant Schneider is a Corporation headquartered in the State of Florida.  The amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## III.  FACTS

3.1   Joel Rivera DeLeon was killed on August 21, 2020 aboard the Waymond L. Boyd in a fire that engulfed the vessel.  At the time of the fire, the crew of the vessel was conducting dredging operations in accordance with dredging plans designed and engineered by Schneider.  At approximately 8 a.m., a pipeline was breached during the dredging operations leading to a catastrophic fire that engulfed the vessel and took the life of Mr. Rivera.

3.2   Defendant Schneider is a marine structural design firm.  Schneider was the engineering company that prepared, designed and engineered the EPIC Marine Terminal Dredging Construction Plans for the EPIC Terminal project, dated June 23,

2020.  The plans prepared, designed, and engineered by Schneider failed to identify, guard and warn against the potential striking of underground and/or underwater pipelines including the pipeline that was breached leading to the fire.

### IV.  NEGLIGENCE OF SCHNEIDER E&C COMPANY, INC. ("SCHNEIDER")

4.1     Plaintiffs assert and allege at the time of the incident made the basis of this suit that Defendant, Schneider was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to, the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

- a. failed to design a dredge plan against striking underground and/or underwater pipelines;
- b. failed to guard against the potential for striking underground and/or underwater pipelines;
- c. failed to warn against the potential for striking underground and/or underwater pipelines;
- d. failed to identify underground and/or underwater pipelines that were located in the vicinity of the dredging area;
- e. failed to manage the dredging operations during the dredging that was being conducted pursuant to its engineered plans; and
- f. failed to provide a competent engineer to properly and safely engineer the dredging plans.

4.2     Each and all of the above foregoing acts or omissions and/or commissions constituted negligence.  To the extent these acts of negligence and gross negligence arose out of the provision of professional services by a licensed or registered professional, they are identified and described in a Certificate of Merit prepared by Gregg S. Perkin, P.E., attached hereto as Exhibit A.  Given that discovery is in its infancy, Mr. Perkin reserves the right to amend and supplement his opinions as

additional evidence becomes available.

## V. DAMAGES

5.1     Nearly all the elements of damages for personal injury and wrongful death are unliquidated and thus not subject to precise computation. Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all the circumstances, which Plaintiffs now plead as well in excess of Ten Million Dollars.

### A.     JOEL RIVERA DELEON SURVIVAL DAMAGES

5.2     As a result of the incident in question, Joel Rivera DeLeon sustained excruciating pain, horror, mental anguish, and terror associated with the knowledge of his impending death and the devastation of leaving his wife a widow and his children without a father. Joel Rivera DeLeon's estate is entitled to recover for his mental anguish, physical pain, and necessary funeral bills and expenses, for which recovery is sought herein in an amount far in excess of the minimal jurisdictional limits of this Court.

### B.     WRONGFUL DEATH DAMAGES OF MARIA ISABEL RIVERA (SURVIVING SPOUSE)

5.3     Decedent, Joel Rivera DeLeon, was 62 years of age at the time of his death. He was in good health with a reasonable life expectancy of many years. During his lifetime, the decedent was a good, caring husband who gave comfort and companionship to his family. In all reasonable probability, he would have continued to do so for the remainder of his natural life.

5.4     As a result of the death of Joel Rivera DeLeon, his surviving wife, Maria Isabel Rivera, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship, loss of consortium, loss of society, and loss of inheritance, for which damages are sought under the Texas Wrongful Death

Act and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court and of the minimum $75,000.00 jurisdictional limits of the federal courts.

**C.     WRONGFUL DEATH DAMAGES OF CIPRIANO RIVERA**

5.5     Decedent, Joel Rivera DeLeon was 62 years of age at the time of his death. He was in good health with a reasonable life expectancy based on the life expectancy of many years.  During his lifetime, the decedent was a good, caring father who gave comfort and companionship to his family.  In all reasonable probability, he would have continued to do so for the remainder of his natural life.

5.6     As a result of the death of Joel Rivera DeLeon, his surviving biological son, Cipriano Rivera, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court and of the minimum $75,000.00 jurisdictional limits of the federal courts.

**D.     WRONGFUL DEATH DAMAGES OF JESUS RIVERA**

5.7     Decedent, Joel Rivera DeLeon was 62 years of age at the time of his death. He was in good health with a reasonable life expectancy based on the life expectancy of many years.  During his lifetime, the decedent was a good, caring father who gave comfort and companionship to his family.  In all reasonable probability, he would have continued to do so for the remainder of his natural life.

5.8     As a result of the death of Joel Rivera DeLeon, his surviving biological son, Jesus Rivera, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act

and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court and of the minimum $75,000.00 jurisdictional limits of the federal courts.

### E. WRONGFUL DEATH DAMAGES OF CARLOS RIVERA

5.9 Decedent, Joel Rivera DeLeon was 62 years of age at the time of his death. He was in good health with a reasonable life expectancy based on the life expectancy of many years. During his lifetime, the decedent was a good, caring father who gave comfort and companionship to his family. In all reasonable probability, he would have continued to do so for the remainder of his natural life.

5.10 As a result of the death of Joel Rivera DeLeon, his surviving biological son, Carlos Rivera, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court and of the minimum $75,000.00 jurisdictional limits of the federal courts.

### F. WRONGFUL DEATH DAMAGES OF LUCERO RIVERA

5.11 Decedent, Joel Rivera DeLeon was 62 years of age at the time of his death. He was in good health with a reasonable life expectancy based on the life expectancy of many years. During his lifetime, the decedent was a good, caring father who gave comfort and companionship to his family. In all reasonable probability, he would have continued to do so for the remainder of his natural life.

5.12 As a result of the death of Joel Rivera DeLeon, his surviving biological daughter, Lucero Rivera, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act

and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court and of the minimum $75,000.00 jurisdictional limits of the federal courts.

### G. WRONGFUL DEATH DAMAGES OF JOEL RIVERA

5.13   Decedent, Joel Rivera DeLeon was 62 years of age at the time of his death. He was in good health with a reasonable life expectancy based on the life expectancy of many years. During his lifetime, the decedent was a good, caring father who gave comfort and companionship to his family. In all reasonable probability, he would have continued to do so for the remainder of his natural life.

5.14   As a result of the death of Joel Rivera DeLeon, his surviving biological son, Joel Rivera, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court and of the minimum $75,000.00 jurisdictional limits of the federal courts.

### H. WRONGFUL DEATH DAMAGES OF EFREN RIVERA

5.15   Decedent, Joel Rivera DeLeon was 62 years of age at the time of his death. He was in good health with a reasonable life expectancy based on the life expectancy of many years. During his lifetime, the decedent was a good, caring father who gave comfort and companionship to his family. In all reasonable probability, he would have continued to do so for the remainder of his natural life.

5.16   As a result of the death of Joel Rivera DeLeon, his surviving biological son, Efren Rivera, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act

and Texas Survival Act in an amount far in excess of the minimal jurisdictional limits of this Court and of the minimum $75,000.00 jurisdictional limits of the federal courts.

I. **EXEMPLARY DAMAGES**

5.17   As a result of Defendants' gross neglect and malice, Plaintiffs seek exemplary damages against these Defendants in an amount equal to 25% of Defendants' net worth.

## VI. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

6.1   Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## VII. JURY DEMAND

7.1   Plaintiffs request a trial by jury for all issues of fact. A jury fee has been paid timely and properly.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendant for their actual and exemplary damages, jointly and severally, in such amount as the evidence may show and the jury may determine to be proper, together with the pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ David L. Rumley*
David L. Rumley
State Bar No. 00791581
Federal I.D. No. 18120
drumley@wigrum.com

**ATTORNEY-IN-CHARGE**

OF COUNSEL:

**WIGINGTON RUMLEY DUNN & BLAIR, L.L.P.**
123 North Carrizo Street
Corpus Christi, Texas 78401
Telephone: (361) 885-7500
Facsimile: (361) 885-0487

*AND*

J. Javier Gutierrez
State Bar No. 24045997
Federal I.D. No. 626005
javier@gutierrezlawfirm.com
**THE GUTIERREZ LAW FIRM, INC.**
5959 West Loop South, Suite 500
Bellaire, Texas 77401
Telephone: (713) 588-3300
Facsimile: (361) 664-7245

*AND*

Baldemar F. Gutierrez
State Bar No. 08640500
Federal I.D. No. 5910
balde@gutierrezlawfirm.com
**THE GUTIERREZ LAW FIRM, INC.**
700 East Third Street
Alice, Texas 78332
Telephone: (361) 664-7377
Facsimile: (361) 664-7245

**ATTORNEYS FOR PLAINTIFFS**